```
1  KARIN G. PAGNANELLI (SBN 174763)
   kgp@msk.com
2  MARC E. MAYER (SBN 190969)
   mem@msk.com
3  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
4  Los Angeles, California 90064-1683
   Telephone: (310) 312-2000
5  Facsimile: (310) 312-3100

6  Attorneys for Plaintiff
   ACTIVISION PUBLISHING, INC.
```

FILED
CLERK, U.S. DISTRICT COURT
APR 11 2008
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., <br><br> Plaintiff, <br><br> v. <br><br> KENNETH W. MADDEN, <br><br> Defendant. | CASE NO. CV08-1056 JSL (SSx) <br><br> The Honorable J. Spencer Letts <br><br> [PROPOSED] JUDGMENT AND PERMANENT INJUNCTION |

1765490.1

The Court, having considered the Stipulation to Judgment and Permanent Injunction executed by the parties,

IT IS ORDERED AND ADJUDGED THAT:

1. Plaintiff has alleged that Defendant distributed and/or reproduced a copyrighted video game owned or controlled by the Plaintiff, without Plaintiff's authorization, in violation of 17 U.S.C. § 501. Defendant has not contested Plaintiff's allegations, and has acknowledged that such conduct is wrongful.

2. Defendant shall pay to Plaintiff in settlement of this action the total sum of $100,000.00.

3. Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law with respect to any copyrighted video games, whether now in existence or later created, that is owned or controlled by, or exclusively licensed to, Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff). Defendant also shall destroy all copies of any copyrighted video game that Defendant has, without the permission of Plaintiff, in his or her possession, custody or control.

4. Defendant irrevocably and fully waives notice of entry of the Judgment and Permanent Injunction, and understands and agrees that violation of the Judgment and Permanent Injunction will expose Defendant to significant penalties, including contempt of Court. Defendant understands and agrees that if he violates the Judgment and Permanent Injunction, Defendant must pay to Plaintiff not less than $300,000 for each violation, in addition to any attorneys' fees incurred by Plaintiff to enforce this Judgment and Permanent Injunction.

5. Defendant irrevocably and fully waives any and all right to appeal this Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

6. Nothing contained in the Judgment and Permanent Injunction shall limit the right of Plaintiff to recover damages for any and all infringements by Defendant of any right under federal copyright law or state law occurring after the date Defendant executes the Stipulation to Judgment and Permanent Injunction.

7. Defendant shall not make any public statements that are inconsistent with any term of the Stipulation to Judgment and Permanent Injunction.

8. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this final Judgment and Permanent Injunction.

DATED: 4/11/08

_____
The Honorable J. Spencer Letts
United States District Judge

1765490.1

2